IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NATIONAL INDEMNITY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ALLIANZ GLOBAL RISKS U.S. INSURANCE COMPANY, as successor-in-interest to GENERAL FIRE AND CASUALTY COMPANY; and VIAD CORPORATION, as successor-in-interest to GENERAL FIRE AND CASUALTY COMPANY;<br><br>Defendants. | Case No. ______________<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL IN OMAHA, NEBRASKA** |

COMES NOW Plaintiff National Indemnity Company ("NICO"), and for its Complaint against Defendants Allianz Global Risks U.S. Insurance Company ("Allianz"), as successor-in-interest to General Fire and Casualty Company ("General Fire"), and Viad Corporation ("Viad"), as successor-in-interest to General Fire (together, the "Reinsurers"), alleges as follows:

**INTRODUCTION**

1. This is an action for declaratory relief and breach of contract for the Reinsurers' refusals to make reinsurance payments owed to NICO.

2. On April 19, 2022, NICO became liable under a contract of insurance to the State of Montana (the "Insurance Policy") in the total amount of $157,237,493.30 for liabilities that arose from the Insurance Policy.

3. In 1973 through 1974, NICO obtained reinsurance coverage (the "Reinsurance Certificate") from General Fire & Casualty Insurance Company ("General Fire"), the Reinsurers'

corporate predecessor. Under the Reinsurance Certificate, NICO is to be reimbursed for sums it pays to cover liabilities, expenses, and costs that arise from the Insurance Policy.

4. NICO submitted reinsurance billings to the Reinsurers in connection with the liabilities, costs, and expenses NICO paid that arose from the Insurance Policy, but neither Reinsurer paid NICO.

**PARTIES**

5. NICO is a company organized under the laws of the State of Nebraska with a principal place of business in Nebraska.

6. Allianz is a corporation organized under the laws of Illinois with its principal place of business in Illinois.

7. Viad is a corporation organized under the laws of Delaware with its principal place of business in Arizona.

**JURISDICTION AND VENUE**

8. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 *et seq.* and Rule 57 of the Federal Rules of Civil Procedure, and for breach of contract.

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because it involves a controversy between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions that gave rise to the claims occurred in this state. Venue is also proper in this district pursuant to 28 U.S.C. § 1391(b)(3) in that there is no other district in which this matter may otherwise be brought and each of the defendants is subject to this Court's personal jurisdiction.

## BACKGROUND

11. NICO issued the Insurance Policy to the State of Montana with an effective period between July 1, 1973, and July 1, 1975.

12. General Fire, owned by Viad's corporate predecessor the Greyhound Corporation, issued the Reinsurance Certificate to NICO for the period July 1, 1973, to July 1, 1974, which provided reinsurance coverage to NICO for the risk of loss associated with the Insurance Policy.

13. In 1976, Viad sold General Fire to Allianz's corporate parent, Allianz of America, Incorporated, pursuant to a stock purchase agreement. Under the agreement, Allianz's corporate predecessor, Allianz Insurance Company, became General Fire's successor-in-interest. But based on information, belief, and communications with Viad, Viad retained some liability associated with the Reinsurance Certificate.

14. Beginning in 2000, individuals that claimed asbestos-related injuries began filing tort claims against the State of Montana. These claims alleged that the state failed to warn them of potential asbestos exposure in or around the Libby Mine, a mine in Libby, Montana.

15. Litigation proceeded from those claims and the State of Montana reached a settlement agreement with claimants in 2009. Pursuant to the settlement, NICO provisionally paid $16.1 million to the State of Montana under a full reservation of the right to recoup that payment in the event it was judicially determined that no coverage existed for the State's claims.

16. In 2012, NICO filed a coverage action against the State of Montana that sought a declaration of rights and obligations under the Insurance Policy, including a declaration that NICO had no obligation to defend or indemnify the State of Montana for any past or future Libby Mine claims.

17. The State of Montana counterclaimed against NICO in the coverage action for breach of contract.

18. In August 2019, the Montana state district court entered judgment in the amount of $97,833,193.39 in favor of the State of Montana and against NICO.

19. The Supreme Court of Montana affirmed in part and reversed in part the district court's decision in *National Indemnity Co. v. State*, 406 Mont. 288, 499 P.3d 516 (2021).

20. On April 19, 2022, NICO and the State of Montana entered into an agreement to resolve all coverage claims regarding the Insurance Policy and the Libby Mine claims in the amount of $157,237,493.30 (the "Settlement").

21. On May 25, 2022, the Montana district court approved the Settlement.

22. On or about July 14, 2023, NICO sent billings to the Reinsurers for their respective portion of the loss—a total obligation of $1,734,335 owed to NICO.

23. As of the date of this filing, despite NICO's demands, both of the Reinsurers have refused to pay the billed amounts.

**FIRST CAUSE OF ACTION**
**(Declaratory Judgment)**

24. NICO incorporates its prior allegations as if set forth fully here.

25. There exists a ripe and justiciable controversy between the parties regarding the Reinsurers' obligations to NICO under the Reinsurance Certificate.

26. NICO seeks a judicial declaration regarding the parties' rights and obligations under the Reinsurance Certificate, including but not limited to, that the Reinsurers are required to pay NICO for the losses incurred by NICO under the Insurance Policy.

**SECOND CAUSE OF ACTION**
**(Breach of Contract)**

27. NICO incorporates its prior allegations as if set forth fully here.

28. Under the terms of the Reinsurance Certificate, the Reinsurers are obligated to reimburse NICO sums it has paid pursuant to its obligations, associated expenses, and costs that arise from the Insurance Policy.

29. NICO submitted reinsurance billings to the Reinsurers.

30. The Reinsurers breached their respective contractual obligation by refusing to pay NICO the respective billed amounts and caused damage to NICO in that amount.

**PRAYER FOR RELIEF**

WHEREFORE, NICO prays for judgment in its favor as follows:

1. Declaring and determining the rights and obligations of the parties under the Reinsurance Certificate, including, but not limited to, that the Reinsurers are required to pay NICO for the losses incurred by NICO under the Insurance Policy;

2. Awarding monetary judgment in favor of NICO and against the Reinsurers in the amount of $1,734,335.

3. Awarding NICO its reasonable attorneys' fees, including but not limited to its attorney's fees as mandated under Neb. Rev. Stat. § 44-359, pre-judgment and post-judgment interest to the extent allowed by Nebraska law, for NICO's costs and fees incurred, and for such other and further relief as this Court deems just and proper.

**JURY DEMAND**

NICO requests a jury trial in Omaha, Nebraska.

DATED this 27th day of July, 2023.

NATIONAL INDEMNITY COMPANY,
Plaintiff,

By: s/ *Jason W. Grams*
Lawrence F. Harr, #11719
Jason W. Grams, #24596
David A. Changstrom, #26518
LAMSON, DUGAN & MURRAY, LLP
10306 Regency Parkway Drive
Omaha, NE 68114
T: (402) 397-7300 | F: (402) 397-7824
lharr@ldmlaw.com
jgrams@ldmlaw.com
dchangstrom@ldmlaw.com

*ATTORNEYS FOR PLAINTIFF*
*NATIONAL INDEMNITY COMPANY*

4877-5667-8769, v. 2