# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NATIONAL INDEMNITY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ALLIANZ GLOBAL RISKS U.S. INSURANCE COMPANY, as successor-in-interest to GENERAL FIRE AND CASUALTY COMPANY and VIAD CORPORATION, as successor-in-interest to GENERAL FIRE AND CASUALTY COMPANY,<br><br>Defendants. | Case No. 8:23-cv-322<br><br>**MEMORANDUM OF LAW IN SUPPORT OF VIAD CORP.'S MOTION TO DISMISS** |

Defendant Viad Corp[1] ("Viad") submits this memorandum of law in support of its motion to dismiss the complaint filed by National Indemnity Company ("NICO") as against Viad. This memorandum is accompanied by the October 19, 2023 declaration of Derek P. Linde (the "Linde Dec.").

## PRELIMINARY STATEMENT

The Court should dismiss this action against Viad pursuant to Fed. R. Civ. P. 12(b)(2) and (6). First, NICO fails to state a cause of action against Viad. NICO purportedly commenced this action to enforce a contract of reinsurance (the "Reinsurance Certificate") issued by the predecessor to defendant Allianz Global Risks U.S. Insurance Company ("Allianz"). NICO also sued Viad, even though Viad is not an insurance company and has no obligations to NICO under the Reinsurance Certificate. NICO's

---

[1] The Complaint incorrectly refers to Viad as "Viad Corporation." Instead, "Viad Corp" is the legal name of Viad.

complaint (the "Complaint") does not indicate why or even whether it might think otherwise, asserting only vaguely that "Viad retained some liability associated with the Reinsurance Certificate." *See* Dkt. No. 1 (Complaint) at ¶ 13.  Thus, NICO has failed to allege facts sufficient to support the existence of any contractual relationship between it and Viad that would support any of the relief it seeks.  The Complaint fails to state a cause of action against Viad.

Second, NICO does not allege any basis for the Court to assert personal jurisdiction over Viad.  Nor could it.  Viad has not engaged in any purposeful activities within Nebraska.  There is no basis on which Viad could reasonably believe that it might be haled into court in the state.  As a result, Due Process prohibits the exercise of personal jurisdiction over Viad.  Accordingly, NICO's action against Viad should be dismissed.

## FACTUAL BACKGROUND

NICO insured the State of Montana for the period between July 1, 1973 and July 1, 1975.  (*see* Dkt. No. 1 (Complaint) at ¶ 11.)[2]  General Fire & Casualty Company ("General Fire") reinsured NICO.  *Id*. at ¶ 3.  At that time, General Fire was owned by Greyhound, Inc. ("Greyhound").  *Id*. at ¶ 12.  In 1976, Allianz of America, Incorporated acquired General Fire.  *Id*. at ¶ 12.[3]

Viad is not an insurer or reinsurer; it is an events and hospitality company.  *See*

---

[2]   Solely for purposes of this motion, Viad accepts the facts as alleged in the Complaint as true.  It reserves all rights to dispute the allegations in the Complaint at the appropriate time, if necessary.

[3]   The Complaint alleges, "In 1976, Viad sold General Fire to ... Allianz of America, Incorporated." Complaint at ¶ 12.  That's incorrect and impossible.  Viad was not incorporated until 1991, under the name The New Dial Corp.  *See* Linde Dec. at Ex. 1.  Viad adopted its current name in 1996.  *Id*. at Ex. 2.

2

Linde Dec. ¶ 2. The Complaint does not allege otherwise, but instead vaguely alleges that "Viad retained some liability associated with the Reinsurance Certificate." *See* Dkt. No. 1 (Complaint) at ¶ 13. NICO does not explain or assert how Viad "retained" liability from a contract issued almost two decades before Viad was formed. Nor does NICO explain what liability "associated" with the certificate was allegedly retained by Viad. Most importantly, NICO does not allege that the "liability" retained is a liability *to NICO*. Nowhere does the Complaint allege how Viad is supposed to owe any kind of contractual duty to NICO. Accordingly, the Complaint does not set forth a claim for breach of contract or associated declaratory relief against Viad.

The Complaint also lacks any allegations supporting the Court's exercise personal jurisdiction over Viad (*see* Dkt. No. 1 (Complaint) at ¶¶ 8-10 (alleging subject matter jurisdiction and venue in this district, but not personal jurisdiction)) and, indeed, there is nothing it could have alleged that would have supported the exercise of jurisdiction in Nebraska. Viad is a Delaware corporation with its principal place of business in Arizona. *See* Linde Dec. at ¶ 3. Viad has no offices, bank accounts, employees, fax numbers, or telephone numbers in Nebraska. *Id*. at ¶ 7, 8. It does not own or rent any real estate in Nebraska. *Id*. at ¶ 7. In short, Viad transacts no business in Nebraska, and is not authorized to do so. *Id*. at ¶ 6.

Accordingly, there is no basis to assert personal jurisdiction over Viad, and the action against it should be dismissed.

# ARGUMENT

## I.

## NICO'S COMPLAINT FAILS TO STATE A CAUSE OF ACTION AGAINST VIAD

NICO purports to assert a breach of contract claim against Viad and seeks associated declaratory relief. "Under Nebraska law, the elements of a claim for breach of contract are: '(1) the existence of a contract; (2) breach of the contract; and (3) damages which flow from the breach.'" *Knowles v. TD Ameritrade Holding Corp.*, 2 F.4th 751, 757 (8th Cir. 2021) *quoting United States v. Basin Elec. Power. Coop.*, 248 F.3d 781, 810 (8th Cir. 2001); *accord Phipps v. Skyview Farms, Inc.*, 259 Neb. 492, 610 N.W.2d 723, 730 (2000) ("In order to recover in an action for breach of contract, the plaintiff must plead and prove the existence of a promise, its breach, damage, and compliance with any conditions precedent that activate the defendant's duty.")

NICO's claim against Viad fails at the first step. The Complaint includes no allegations that NICO and Viad entered into a contract. Instead, the Complaint alleges: (1) NICO obtained reinsurance coverage from General Fire (Dkt. No. 1 (Complaint) at ¶ 3); (2) through a series of corporate transactions, defendant Allianz is General Fire's "successor in interest;" (*id.* at ¶¶ 12-13); and (3) "Viad retained some liability associated with the Reinsurance Certificate" (*id.* at ¶ 13).

NICO does not allege that it contracted with Viad. Neither does it allege that Viad is General Fire's successor in interest on the Reinsurance Certificate.[4] In fact, it alleges that Allianz, an actual insurance company, is General Fire's successor. The failure to

---

[4] The Complaint refers to Viad as a "successor in interest" in the caption and preamble, but NICO makes no substantive allegation of fact that Viad is the successor in interest of General Fire as counterparty to the Reinsurance Certificate.

4

plead an actual contractual relationship between NICO and Viad is no accident. Viad is an events and hospitality company. It is not a reinsurer and has no obligations to NICO under the Reinsurance Certificate.

NICO's deliberately vague allegation that Viad "retained some liability associated with the Reinsurance Certificate" does not set forth a valid claim against Viad, because it does not allege any liability to NICO. That is, even accepting the truth of every allegation in the Complaint for purposes of this motion, NICO has not set forth "allegations plausibly suggesting (not merely consistent with) [an] agreement" between the parties:

> Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true. … The need at the pleading stage for allegations plausibly suggesting (not merely consistent with) agreement reflects Rule 8(a)(2)'s threshold requirement that the "plain statement" possess enough heft to "sho[w] that the pleader is entitled to relief." … The requirement of allegations suggesting an agreement serves the practical purpose of preventing a plaintiff with "'a largely groundless claim'" from "'tak[ing] up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value.'"

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545–46, 127 S. Ct. 1955, 1959, 167 L. Ed. 2d 929 (2007) *quoting Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 347 (2005).

## II.
### NICO'S COMPLAINT AGAINST VIAD SHOULD BE DISMISSED FOR LACK OF PERSONAL JURIDICTION

NICO has the burden to prove the Court has personal jurisdiction over Viad. *Fastpath, Inc. v. Arbela Tech. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014). The Complaint, however, does not even allege it. "In order to satisfy the Due Process Clause and justify personal jurisdiction, a defendant must have minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and

5

substantial justice." *Thompson v. Wyndham Resort Dev. Corp.*, 2022 WL 861405, at *3 (D. Neb. Mar. 23, 2022) (citing *Pangaea, Inc. v. Flying Burrito, LLC*, 647 F.3d 741, 745 (8th Cir. 2011)). The key inquiry "is whether the defendant has purposefully availed itself of the benefits and protections of the forum state to such a degree that it should reasonably anticipate being haled into court there." *Thompson*, 2022 WL 861405, at *3 (citing *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co.*, 646 F.3d 589, 594 (8th Cir. 2011)). The requirement of purposeful availment ensures that jurisdiction will not be exercised over a defendant "solely as a result of random, fortuitous, or attenuated contacts, or the unilateral activity of another party or a third person." *Thompson*, 2022 WL 861405, at *3 (citing *Stanton v. St. Jude Med., Inc.*, 340 F.3d 690, 693-94 (8th Cir. 2003)).

> To evaluate whether the suit-related contacts are sufficient to create a substantial connection with a state, five factors are relevant: (1) the nature and quality of the defendant's contacts with the forum state; (2) the quantity of the defendant's contacts; (3) the relationship of the cause of action to the defendant's contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience or inconvenience to the parties.

*ZO Skin Health, Inc. v. Siu*, 2020 WL 6118450, at *2 (D. Neb. Oct. 16, 2020) (citing *Pederson v. Frost*, 951 F.3d 977, 980 (8th Cir. 2020) (brackets omitted)). The first three of these factors warrant primary consideration, while the last two are secondary in nature. *Johnson v. Arden*, 614 F.3d 785, 794 (8th Cir. 2010). Nevertheless, "[a] court is to look at all the factors in the aggregate and examine the totality of the circumstances in determining personal jurisdiction." *Thompson*, 2022 WL 861405, at *6 (citing *Johnson v. Arden*, 614 F.3d 785, 794 (8th Cir. 2010)).

6

In the instant case, Viad's lack of contacts with Nebraska simplifies the jurisdictional analysis. Their nature and quality, quantity, and relationship to the cause of action are all nil. Similarly, Viad's lack of contact with Nebraska mitigates the state's interest in providing a forum for its residents and any convenience or inconvenience of the parties in litigating here.

NICO's confusing, non-specific allegation that Viad retained some liability connected to the Reinsurance Certificate cannot create jurisdiction in this district: "Specific jurisdiction over a defendant is exercised when a state asserts personal jurisdiction over a nonresident defendant that has purposefully availed itself of the privilege of conducting business in the forum in a suit arising out of or related to the defendant's contacts with the forum." *Thompson*, 2022 WL 861405, at *6 (citing *Pangaea, Inc. v. Flying Burrito*, 647 F.3d 741, 745-46 (8th Cir. 2011). That requires "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Thompson*, 2022 WL 861405, at *6 (citing *Dairy Farmers of Am., Inc. v. Bassett & Walker Int'l, Inc.*, 702 F.3d 472, 477 (8th Cir. 2012)). NICO alleges no such acts.

Further, "entering into a contract with a forum resident, standing alone, does not provide the requisite contacts between a non-resident and the forum state *because it is the contacts between the defendant and the forum state – not a forum resident – that are of interest.*" *Thompson*, 2022 WL 861405, at * 6 (emphasis supplied by the court) *citing Mountaire Feeds Inc. v. Agro Impex, S.A.*, 677 F.2d 651, 655 (8th Cir. 1982). Indeed, isolated connections that are random, fortuitous, and attenuated contacts cannot justify

7

the exercise of personal jurisdiction. *Thompson*, 2022 WL 861405, at *6 (citations omitted).

In view of the paucity of Viad's contacts with Nebraska, any exercise of personal jurisdiction over Viad would violate Due Process. Even giving full credence to the allegations of the Complaint, Viad has no contacts with Nebraska that would justify exercising personal jurisdiction over it. Accordingly, the action against Viad should be dismissed.

## **CONCLUSION**

For the reasons set forth above, Viad respectfully requests that NICO's claims against it be dismissed in their entirety.

Dated this 20th day of October, 2023.

VIAD CORP, Defendant,

By: /s/ Steven D. Davidson
Steven D. Davidson, #18684
BAIRD HOLM LLP
1700 Farnam Street, Suite 1500
Omaha, NE 68102
Telephone: (402) 344-0500
Facsimile: (402) 344-0588
sdavidson@bairdholm.com

and

Sean Thomas Keely (pro hac vice)
SMITH, GAMBRELL & RUSSELL, LLP
1301 Avenue of the Americas
21st Floor
New York, NY 10019
Telephone: (646) 887-9590
Facsimile: (646) 887-8163
skeely@sgrlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of October, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Lawrence F. Harr
Jason W. Grams
David A. Changstrom
LAMSON, DUGAN & MURRAY, LLP
10306 Regency Parkway Drive
Omaha, NE 68114
lharr@ldmlaw.com
jgrams@ldmlaw.com
dchangstrom@ldmlaw.com

/s/Steven D. Davidson

6211306.1