FILED

MAY 25 2022

ANGIE SPARKS, Clerk of District Court
By [signature] Deputy Clerk

MONTANA FIRST JUDICIAL DISTRICT COURT
LEWIS & CLARK COUNTY

* * * *

| | | |
|---|---|---|
| NATIONAL INDEMNITY COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA,<br><br>Defendant and Counter-Claimant,<br><br>and<br><br>TERRY JELLESED, ET AL.,<br><br>Intervenors. | ) | CAUSE NO. XDDV-2012-140<br><br>Hon. Christopher D. Abbott<br><br>ORDER APPROVING THE SETTLEMENT AGREEMENT BETWEEN THE STATE OF MONTANA AND NATIONAL INDEMNITY COMPANY AND FOR DISMISSAL OF THIS ACTION WITH PREJUDICE |

This matter is before the Court on the Joint Motion for Approval of the Settlement Agreement between the State of Montana and National Indemnity Company and for Dismissal of this Action with Prejudice (the Motion). National Indemnity Company is referred to herein as National, the State of Montana as the State, and each is also at times referred to as a Party and, collectively, as the Parties. The Settlement



EXHIBIT 5

Agreement between the State of Montana and National Indemnity Company, which is attached as Exhibit A to the Motion, is referred to herein as the Settlement Agreement.

The Court held a hearing on the Motion on May 25, 2022. On the basis of the Motion, the hearing thereon, and good cause appearing, the Court, having fully considered the same and being fully advised thereon, now enters the following:

**FINDINGS OF FACT**

1. National issued a liability insurance policy to the State, Montana Public Entity Special Comprehensive Liability Policy No. PE250001 ("Policy"), which was in effect from July 1, 1973 to July 1, 1975.

2. To date, approximately 3,000 claims ("Libby Mine Claims" as more fully defined in paragraph 15 of the Settlement Agreement) have been asserted against the State by or on behalf of individuals ("Libby Mine Claimants") who allege they have sustained injuries and damages resulting from exposure to asbestos caused by the State's actions or inactions relating to the operations of the Zonolite Mining Company and W. R. Grace and Co. located in Lincoln County, Montana ("the Mine"). It is expected that additional Libby Mine Claims will be filed against the State in the future. The Libby Mine Claims against the State involve numerous disputed factual questions and unresolved legal questions.

3. The State has, at various times, sent notice of Libby Mine Claims to National and has sought a defense and indemnification under the Policy with respect to the Libby Mine Claims.

4. On February 23, 2012, National filed this action (referred to in the Settlement Agreement as the Coverage Action) against the State seeking (i) a declaration of National's rights, obligations, and duties, if any, under the Policy with respect to past, present, and future Libby Mine Claims, and (ii) reimbursement from the State for the $16.1 million that National advanced to the State under reservation on September 30, 2011 in connection with a settlement of certain Libby Mine Claims.

5. On April 19, 2012, the State filed a Counterclaim against National alleging breach of the duty to defend, breach of the duty to indemnify, and breach of the duty to provide a prompt and proper response to the State's tender of the Libby Mine Claims.

6. Certain Libby Mine Claimants were granted limited intervention in this action to submit briefs and argument concerning the application and interpretation of the Policy, including the number of "occurrences" presented by the Libby Mine Claims (the "Intervenors"). Each of the Intervenors who were granted limited intervention in this action has since settled and compromised their claims against the State, and the State has paid each of the Intervenors all amounts due under those settlement agreements, including all contingency amounts.

7. From October 2009 to the present, the State has settled approximately 2,850 Libby Mine Claims for a total sum of $94,151,621.61.

8. The State has paid all settlement obligations to all settled Libby Mine Claimants, including all contingency amounts, and owes no additional amounts to any settled Libby Mine Claimants.

9. The State has notified National of additional Libby Mine Claims asserted against the State for which the State seeks coverage under the Policy that are not included in any of the State's prior settlements.

10. Following the filing of this action in February 2012, the State and National engaged in fact and expert discovery for approximately three years, including the exchange of documents, interrogatories, requests for admission, and expert disclosures, as well as the taking of depositions.

11. In September 2015, the State and National filed cross-motions for summary judgment. Over the following four years, the State, National, and the Intervenors submitted several rounds of briefing with respect to the cross-motions for summary judgment and the Court conducted two hearings regarding the motions. On February 27, 2018, the Court issued an order that granted the State's motion for summary judgment and denied National's motion for summary judgment. On August 27, 2018, the Court granted a motion by National for clarification of the February 27, 2018 order. Following further briefing and argument, the Court entered an order on March 17, 2019 that granted summary judgment to the State.

12. On August 16, 2019, the Court entered judgment against National (the "2019 Judgment"), which National appealed to the Montana Supreme Court on September 16, 2019, and the State cross-appealed on September 26, 2019.

13. On November 23, 2021, following oral argument the Montana Supreme Court issued an opinion in this action (the "2021 Opinion") that affirmed in part and reversed in part the 2019 Judgment, and remanded the matter for further proceedings

before this Court concerning: "1) the number of occurrences under the Policy, and the resulting calculation of Policy limits; and 2) the eligibility of Claimants exposed to asbestos only prior to the Policy period." The amount of coverage that may remain available under the Policy for payment of Libby Mine Claims was not resolved and remained subject to further litigation in this case on remand.

14. Following the Supreme Court's 2021 Opinion, National and the State engaged in settlement discussions in an effort to avoid continued litigation and to fully and finally resolve all issues related to coverage and sums payable under the Policy for past, present, and future Libby Mine Claims. As a result of those discussions, in order to avoid the risks, uncertainties and costs associated with continuing to litigate the outstanding issues between them, including but not limited to those that were remanded by the Supreme Court, the State and National have reached a settlement of their disputes concerning defense and indemnification of past, present and future Libby Mine Claims. The terms of the Parties' settlement is fully documented in the Settlement Agreement, the effectiveness of which is conditioned on the Court's approval. Under the Settlement Agreement, the total amount of National's obligation to the State is $157,237,493.30 (the "Total Amount"). In exchange for National's payment of the Total Amount, the State and National have agreed that the limits of liability under the Policy are exhausted and National shall have no further obligation to defend or indemnify the State in connection with any past, present, or future Libby Mine Claim.

15. The litigation in this case began more than a decade ago and the disputes between National and the State predated the litigation for many additional years. This

case included facts and legal theories which were complex and novel. Disputed issues remained to be resolved on remand. Given the risks, expenses and uncertainties of continued litigation and the resolution of this case as set forth in the Settlement Agreement, the Settlement Agreement is fair and reasonable.

## CONCLUSIONS OF LAW

Based on the foregoing findings of fact, including the complexity of this case, the issues that remain to be determined on remand, and the risks, expenses, and uncertainties of continued litigation, the Court concludes as a matter of law that the terms of the Settlement Agreement and the resolution of this case as set forth in the Settlement Agreement are fair and reasonable. National's payment of the Total Amount exhausts the limits of liability under the Policy and National shall have no further obligation to defend or indemnify the State in connection with any past, present, or future Libby Mine Claim.

## ORDER

**IT IS HEREBY ORDERED** the Joint Motion for Approval of the Settlement Agreement between the State of Montana and National Indemnity Company is **GRANTED.**

**IT IS FURTHER ORDERED** that the Settlement Agreement between the State of Montana and National Indemnity Company is **APPROVED**, and the Protective Order entered on March 4, 2013 is modified as provided in Paragraph 23 of the Settlement Agreement.

**IT IS FURTHER ORDERED** that upon notice filed by counsel for the State of Montana of receipt of the final payment required by the Settlement Agreement, this action will be dismissed with prejudice and the State shall file a satisfaction of judgment as required by the Settlement Agreement.

Dated this 25th day of May, 2022.

Hon. Christopher D. Abbott
District Court Judge