IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NATIONAL INDEMNITY COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>ALLIANZ GLOBAL RISKS U.S. INSURANCE COMPANY, as successor-in-interest to General Fire and Casualty Company; and VIAD CORPORATION, as successor-in-interest to General Fire and Casualty Company;<br><br>Defendants. | 8:23CV322<br><br>**FINAL PROGRESSION ORDER (AMENDED)** |

IT IS ORDERED that the stipulation for extension of deadlines is granted. (Filing No. 61). The unexpired deadlines set in Filing No. 57 are extended as follows:

1) The trial and pretrial conference will not be set at this time. The status conference to discuss case progression, the parties' interest in settlement, and the trial and pretrial conference settings currently set for March 18, 2025 is **continued** and will be held with the undersigned magistrate judge on **May 20, 2025** at **9:00 a.m.** by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference. (Filing No. 60).

2) The deadlines for identifying expert witnesses expected to testify at the trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

    For the plaintiff(s):      January 28, 2025.
    For the defendant(s):  February 28, 2025.

3) The deadlines for complete expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.

|   |   |
|---|---|
| For the plaintiff(s): | February 28, 2025. |
| For the defendant(s): | March 28, 2025. |
| Plaintiff(s)' rebuttal: | April 11, 2025. |

4) The deposition deadline, including but not limited to depositions for oral testimony only under Rule 45, is May 12, 2025.

5) The deadline for filing motions to dismiss and motions for summary judgment is June 13, 2025. Opposition briefs shall be filed on or before July 14, 2025. Reply briefs shall be filed on or before July 28, 2025.

6) The deadline for filing motions to exclude testimony on *Daubert* and related grounds is June 24, 2025.

7) Motions in limine shall be filed twenty-eight days before trial. It is not the normal practice to hold hearings on motions in limine or to rule on them prior to the first day of trial. Counsel should plan accordingly.

8) The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

9) All other deadlines in the prior case progression orders, Filing Nos. 38, 54, and 57, remain unchanged.

10) All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge, including all requests for changes of trial dates. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 2nd day of December, 2024.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge